UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUSAN GORDON,
    Plaintiff,

                                    CIVIL ACTION NO.
    v.                              15-13289-MBB

STARWOOD HOTELS AND
RESORTS WORLDWIDE, INC.,
    Defendant.

**MEMORANDUM AND ORDER RE:
DEFENDANT STARWOOD'S MOTION FOR SUMMARY JUDGMENT
(DOCKET ENTRY # 16)**

**March 3, 2017**

**BOWLER, U.S.M.J.**

Pending before this court is a motion for summary judgment filed by defendant Starwood Hotels and Resorts Worldwide, Inc. ("defendant"). (Docket Entry # 16). Plaintiff Susan Gordon ("plaintiff") opposes the motion. (Docket Entry # 18). After conducting a hearing, this court took the motion (Docket Entry # 16) under advisement.

<u>PROCEDURAL BACKGROUND</u>

On or about September 2, 2014, plaintiff filed an action in Pennsylvania state court in Wayne County against defendant seeking damages for injuries sustained while a guest of Cove Haven Resort in Lakeville, Pennsylvania. (Docket Entry # 17-1). Plaintiff voluntarily dismissed this action prior to June 30,

2015.  (Docket Entry # 17-1).  On June 30, 2015, plaintiff filed suit for the same injury in Massachusetts Superior Court (Suffolk County).  (Docket Entry # 17-2).

The complaint contains two causes of action.  (Docket Entry # 17-2).  Count I alleges that plaintiff sustained personal injuries as a result of the negligence of one of defendant's employees and Count II alleges that defendant breached its duty to adequately train and supervise its employees.  (Docket Entry # 17-2).

On September 3, 2015, defendant removed this case to the United States District Court for the District of Massachusetts. (Docket Entry # 1).  Jurisdiction is based on diversity under 28 U.S.C. § 1332, as plaintiff is a resident of Massachusetts (Docket Entry # 17-1) and defendant is a Maryland corporation with a principal place of business in Connecticut (Docket Entry # 17-4).  The amount in controversy exceeds $75,000.  (Docket Entry ## 17-2 & 19-1).

### STANDARD OF REVIEW

Summary judgment is designed "to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'"  Tobin v. Federal Express Corp., 775 F.3d 448, 450 (1st Cir. 2014) (quoting Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992)).  It is appropriate "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  It is inappropriate "if the record is sufficiently open-ended to permit a rational factfinder to resolve a material factual dispute in favor of either side." Pierce v. Cotuit Fire Dist., 741 F.3d 295, 301 (1st Cir. 2014).

"Genuine issues of fact are those that a factfinder could resolve in favor of the nonmovant, while material facts are those whose 'existence or nonexistence has the potential to change the outcome of the suit.'" Green Mountain Realty Corp. v. Leonard, 750 F.3d 30, 38 (1st Cir. 2014) (quoting Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011)).  The evidence is viewed "in the light most favorable to the non-moving party" and "all reasonable inferences" are drawn in his favor. Ahmed v. Johnson, 752 F.3d 490, 495 (1st Cir. 2014). "Unsupported allegations and speculation," however, "do not demonstrate either entitlement to summary judgment or the existence of a genuine issue of material fact sufficient to defeat summary judgment." Rivera-Colón v. Mills, 635 F.3d 9, 12 (1st Cir. 2011); see Serra v. Quantum Servicing, Corp., 747 F.3d 37, 39-40 (1st Cir. 2014) ("allegations of a merely speculative or conclusory nature are rightly disregarded").

FACTUAL BACKGROUND

Plaintiff lives in Lunenburg, Massachusetts and works for UMass Memorial Hospital in Worcester, Massachusetts as a phlebotomist. (Docket Entry # 17-3, No. 1). In August 2012, plaintiff made a reservation directly with Cove Haven Resort in Lakeville, Pennsylvania ("the resort") (Docket Entry # 17-3),[1] which is owned and operated by defendant (Docket Entry # 17-4). On the morning of September 1, 2012, plaintiff and her husband drove from their residence in Massachusetts and arrived at the resort in Pennsylvania for a weekend vacation. (Docket Entry # 17-3).

The next morning on September 2, 2012, plaintiff and her husband went on a boat ride tour operated by the resort. (Docket Entry # 17-3). Having had a good time in the morning, plaintiff and her husband decided to go on another boat ride tour operated by the resort in the afternoon. (Docket Entry # 17-3). During the afternoon tour, at around 2:00 p.m., the operator of the boat hit the waves of other boats on the lake. (Docket Entry # 17-3). As a result, plaintiff was thrown off the boat and twice flew into the air and landed on her buttocks, causing fractures to her T-12 vertebrae and bruises on her back, buttocks and thighs. (Docket Entry # 17-3).

---

[1] This court assumes, for purposes of argument only, that plaintiff made the reservation while located in Massachusetts.

Immediately after the injury, plaintiff was taken by ambulance to Scranton Hospital in Pennsylvania where she received a CAT scan and numerous follow-up exams. (Docket Entry ## 19-1 & 17-3). The next day on September 3, 2012, plaintiff and her husband drove back to Massachusetts and went to Massachusetts General Hospital ("Mass. General") in Boston, Massachusetts. (Docket Entry ## 19-1 & 17-3). She received treatment at the hospital on September 3 and 4 and had blood work done on September 5. (Docket Entry # 17-3, No. 6). She was treated at Mass. General for the next seven months. (Docket Entry # 19-1). In November, she underwent spine cementation, a procedure also known as "vertebral augmentation," at Mass. General. (Docket Entry # 17-3, No. 6). She was "covered under Harvard Pilgrim medical insurance" and "incurred approximately $70,000 in medical expenses." (Docket Entry # 19-1).

## DISCUSSION

Defendant seeks summary judgment because Pennsylvania's two-year statute of limitations for personal injury tort claims bars plaintiff's claims as untimely. (Docket Entry # 16). Plaintiff argues that the Massachusetts three-year statute of limitations for tort claims, Mass. Gen. Laws ch. 260, § 2A, applies thereby rendering this action timely filed. (Docket Entry # 18).

A federal court sitting in diversity applies the choice of law rules of the forum state.  See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941); see also Hartford Fire Ins. Co. v. CAN Ins. Co. (Europe) Ltd., 633 F.3d 50, 54 n.7 (1st Cir. 2011) ("[a]s a federal court sitting in diversity," forum's choice of law rules apply).  Massachusetts choice of law rules therefore apply.  In Massachusetts, instead of recognizing statute of limitations as a procedural matter and categorically applying Massachusetts' statute of limitations, courts adhere to a functional approach.  See Nierman v. Hyatt Corp., 808 N.E.2d 290, 292 (Mass. 2004) ("functional approach . . . treats the issue as a choice of law question, as stated in the Restatement (Second) of Conflict of Laws § 142 (Supp. 1989)") ("Restatement"); see also New England Tel. & Tel. Co. v. Gourdeau Const. Co. Inc., 647 N.E.2d 42, 45 (Mass. 1995) (applying the rules of Restatement § 142).  Courts should focus "on the statute of limitations issue, and not on the underlying tort."  Nierman, 808 N.E.2d at 293 (citing Kahn v. Royal Ins. Co., 709 N.E.2d 822, 824 (Mass. 1999)).

Expressly subject to the principles in section six, section 142 instructs that:

> (2) The forum will apply its own statute of limitations permitting the claim unless:  (a) maintenance of the claim would serve no substantial interest of the forum, and (b) the claim would be barred under the statute of limitations of a state

having a more significant relationship to the parties
and the occurrence.

Restatement § 142(2).  Specifically, this court "consider[s] (1)
whether Massachusetts has a substantial interest in permitting
the claims to go forward and (2) whether Texas[2] [here,
Pennsylvania] has a more significant relationship to the parties
and the negligence claim."  Nierman, 808 N.E.2d at 293 (citing
the Restatement § 142).

The striking similarity between the facts in Nierman, in
which the Massachusetts Supreme Judicial Court ("SJC") applied a
Texas statute of limitations in a personal injury action
involving a Massachusetts resident, and the facts in the case at
bar warrants examining the decision.  Nierman was a
Massachusetts resident who, like plaintiff, was injured out of
state and brought suit against a national hotel chain, Hyatt
Corporation ("Hyatt"), arising out of injuries she sustained in
Texas when a hotel employee accelerated a transport cart in
which she was seated.  Nierman, 808 N.E.2d at 291.  Like
defendant, the principal place of business and place of
incorporation of Hyatt was neither the place of the injury
(Texas) nor the forum state and plaintiff's state of residence
(Massachusetts).  Id.  Hyatt, like defendant which has a resort

---

[2]  In Nierman, Texas was the place where the injury occurred and
where the defendant's property was located.  Nierman, 808 N.E.2d
at 291.

7

in Pennsylvania, had a "place of business in Texas, and all of the acts and events that gave rise to [the] litigation occurred there." Id. Like plaintiff, Nierman and her husband made the hotel reservations while in Massachusetts and travelled to the out-of-state place of injury. Id.

Recognizing that "Massachusetts has a general interest in having its residents compensated for personal injuries suffered in another State," the SJC explained that, "[i]t cannot be said, however, that its interest in the timeliness of such an action is more compelling than that of Texas." Id. at 293. The SJC in Nierman also cited and quoted section 142 and section six of the Restatement to conclude that Texas had "the dominant interest" in having its own "statute of limitations apply." Id. at 292-94 & nn. 5, 6.

Here too, Pennsylvania has the "dominant interest" in having its statute of limitations apply. See id. at 293-94. The events constituting the alleged negligence all took place in Pennsylvania, which is where plaintiff suffered her injury. See id. at 293 ("All of the events constituting the alleged negligence took place in Texas, and Texas is where the alleged injuries were suffered."). Although not a Pennsylvania corporation, defendant operates a business there because that is the location of the resort. See id. ("Hyatt, although not a Texas corporation, operated a business there and employed

8

Texans."). Although a Massachusetts resident, plaintiff, along with her husband, travelled to Pennsylvania where the injury occurred. See id. (Niermans "had travelled to Texas when the accident occurred"). Whereas plaintiff and/or her husband made the reservation for the trip while located in Massachusetts, this fact "carrie[s] no weight . . . because that contact has no apparent bearing on any issue in the case, let alone the limitations issue." Id. (dismissing import of factor that Nierman made reservation through a Massachusetts travel agent and citing the Restatement, § 142 cmt. e). In short, plaintiff fails to distinguish Nierman which, given its factual similarity, eviscerates the argument that Massachusetts has a substantial interest in having the claim go forward. See id. at 293. Nierman further establishes that, like Texas, Pennsylvania has a more significant relationship to the parties and to the occurrence.

Examining the particular factors in section 142 and section six of the Restatement confirms the application of Pennsylvania's statute of limitations. Section 142 prefaces the analysis of the various factors by stating: "[w]hether a claim will be maintained against the defense of the statute of

limitations is determined under the principles stated in § 6."
<u>Restatement</u> § 142.[3]

"The balance of § 142," however, "seems to set forth the
way in which the principles of § 6 will be implemented in almost
all instance."   <u>Gourdeau</u>, 647 N.E.2d at 45 n.6.   Thus, "as a
practical matter," the principles in section six may not come
into play until a court considers the state with the more
significant relationship to the occurrence and the parties under
section 145(2)(b).   <u>Id.</u>

Section 142(2)(a) entails examining the interests of
Massachusetts as the forum state.   <u>See</u> <u>Restatement</u> § 142(2)(a)
(forum applies "its own statute of limitations" unless
"maintenance of the claim would serve no substantial purpose of
the forum").   The first and undeniable interest is ensuring that
Massachusetts citizens obtain compensation for personal
injuries.   <u>See</u> <u>Nierman</u>, 808 N.E.2d at 293.   As <u>Nierman</u> indicates

---

[3]   These principles are:

> (1)   the needs of the interstate and international
> systems; (2) the relevant policies of the forum;
> (3) the relevant policies of other interested
> states in the determination of the particular
> issue; (4) the protection of justified
> expectations; (5) the basic policies underlying
> the particular field of law; (6) certainty,
> predictability and uniformity of result and (7)
> ease in the determination and application of the
> law to be applied.

<u>Restatement</u> § 6.

and as discussed above, however, "the mere fact that a plaintiff
. . . is a resident of Massachusetts does not create a
substantial interest."  In re Fresenius Granuflo/NaturaLyte
Dialysate Products Liability Litigation, 76 F.Supp.3d 294, 307
(D.Mass. 2015) (citing Nierman, 808 N.E.2d at 294).  It is also
true that the Massachusetts legislature chose only to borrow
another state's statute of limitations "in certain limited
situations."  Gourdeau, 647 N.E.2d at 45 (citing Mass. Gen.
Laws. ch. 260, § 9); see also Andersen v. Lopez, 957 N.E.2d 726,
729 (Mass.App.Ct. 2011)).  These two concerns, however, were
present in Nierman even though the SJC did not expressly
acknowledge the latter interest.  Nierman, 808 N.E.2d at 293-94
(concluding that "Texas statute of limitations is the
appropriate one" despite the presence of these two concerns).

Plaintiff also asserts that she made the trip to the
Pennsylvania hotel in her Massachusetts purchased and insured
vehicle.  (Docket Entry # 19).  Like the fact that plaintiff
booked the trip from Massachusetts, the fact that she travelled
in a Massachusetts insured vehicle carries little or no weight
because it "has no apparent bearing on . . . the limitations
issue."  Nierman, 808 N.E.2d at 293.  Simply put, plaintiff was
not involved in a car accident and her vehicle has no bearing on
the limitations issue.

Plaintiff next points to the fact that she had medical insurance through Harvard Pilgrim Insurance Company ("HPIC"). (Docket Entry # 19).  She further analogizes the medical insurance provided by HPIC with workers' compensation and asserts that Massachusetts has an interest in affording HPIC the "right of reimbursement for injuries sustained in an accident caused by a third party." (Docket Entry # 19).  In support, plaintiff cites O'Sullivan v. Virco, 2006 WL 1581772, at *2 (D.Mass. June 7, 2006), and Elliston v. Wing Enter., 146 F.Supp.3d 351, 354 (D.Mass. 2015).

The facts in both O'Sullivan and Elliston, however, are distinguishable from the case at bar.  In O'Sullivan, the decision to apply Massachusetts' statute of limitations was based on the fact that none of the parties had a significant connection to the state where the injury occurred.  O'Sullivan, 2006 WL 1581772, at *2.  The court also noted that:

> where all of the parties hail from different States and the accident has occurred in a State to which no party has a significant connection, it is difficult to say that any particular State has the "most significant relationship" to the parties and the occurrence.  Under these circumstances, it is proper to apply the forum State's statute of limitations.

Id.  In contrast, Pennsylvania has a significant relationship to the parties and Pennsylvania is where the alleged negligence and injury occurred that gives rise to the claims.  Moreover, the court in O'Sullivan went on to distinguish Nierman, pointing out

that the SJC's application of Texas' statute of limitations in
Nierman did not conflict with the application of the forum's
statute of limitations in O'Sullivan because Hyatt operated a
hotel in Texas and the injury took place in that hotel.  Id.

     In Elliston, a product liability case, the court applied
Massachusetts' statute of limitations after finding that
Massachusetts had a more substantial interest than Oklahoma
where the product's defect caused the injury.  Elliston, 146
F.Supp. at 353-54.  The Elliston court, however, distinguished
that case from Nierman, holding that:

>     Unlike a simple accident where the events and parties
>     all occur within the same locale, product-liability
>     claims stem from design, manufacture, sale, and use of
>     product, and the location of the accident is only one
>     aspect of the claim.  Oklahoma has a relatively
>     minimal interest in the application of its statute of
>     limitations to Elliston's claim.

Elliston, 146 F.Supp. at 354.  The court further concluded that,
"Oklahoma has only a minimal, if any interest in the present
case, and Massachusetts has significant interests."  Id. at 354-
55 (quoting Restatement § 142 cmt. g, and that Massachusetts may
entertain claim even if Oklahoma bars it).

     Even more to the point, a court in this district rejected
the same argument plaintiff presents here.  See Mukarker v. City
of Philadelphia, Philadelphia Int'l Airport and Otis Elevator
Co., Civil Action No. 16-10355-PBS (D.Mass. March 2, 2017)
("Mukarker").  Although unpublished and therefore not employed

13

as precedent, the decision is insightful and contradicts

plaintiff's position that the law has changed or evolved in

plaintiff's favor since the 2004 Nierman decision.  As explained

in Mukarker:

> In some cases, courts have considered the economic interest
> of Massachusetts in recouping benefits under prong two of
> Section 142.  See Elliston v. Wing Enterprises, Inc., 146 F.
> Supp. 3d 351, 354 (D. Mass. 2015) (Saylor, J.) (applying
> Massachusetts' statute of limitations in a product
> liability action, in part, because the Commonwealth likely
> would recoup some of plaintiff's state workers'
> compensation benefits via subrogation).  See also Anderson
> v. Lopez, 957 N.E.2d 726, 729 (Mass. App. Ct. 2011)
> (applying Massachusetts' statute of limitations where motor
> vehicle accident occurred in Canada but defendants lived in
> Massachusetts and were insured by a Massachusetts insurer).

Mukarker, at pp. 7-8.

Nonetheless, the Mukarker court noted that two recent

unpublished decisions by:

> the Massachusetts Appeals Court held that the financial
> implications of workers' compensation and other
> Massachusetts laws did not give the forum state a
> substantial interest to overcome a more significant
> relationship to the claim.  See Lynch v. Stop & Shop
> Supermarket Co., LLC, 996 N.E.2d 500 (Mass. App. Ct. 2013)
> (applying Pennsylvania's statute of limitations although
> plaintiff received a Massachusetts workers' compensation
> settlement and medical treatment in Massachusetts);
> Gonzalez v. Johnson, 918 N.E.2d 481 (Mass. App. Ct. 2009)
> (applying Connecticut's statute of limitations although the
> social and financial implications of the plaintiff's injury
> might be felt most strongly in Massachusetts).

Mukarker, at p. 8.

The Mukarker court's analysis found additional support to

apply Pennsylvania's statute of limitations to bar the

plaintiff's negligence claim by virtue of Pennsylvania's

"'strong policy judgments' underlying the" statute.  <u>Mukarker</u>,

at 8.  As reasoned in <u>Mukarker</u>:

> Although Massachusetts may have a financial interest in
> recouping health benefits paid by MassHealth, its interest
> falls short when compared to Pennsylvania's. There are
> "strong policy judgments" underlying Pennsylvania's statute
> of limitations. <u>Gustine Uniontown Assocs., Ltd. v. Anthony
> Crane Rental, Inc. L.P.</u>, 842 A.2d 334, 346 (Pa. 2004).
> Pennsylvania's statute of limitations is designed to
> "expedite litigation" and "discourage delay," purposes
> Pennsylvania courts deem sufficiently important to strictly
> construe statutes of limitations. <u>Id.</u> (citing <u>Ins. Co. of
> N. America v. Carnahan</u>, 284 A.2d 728, 729 (Pa. 1971); <u>see
> also</u> <u>Cunningham v. Ins. Co. of N. America</u>, 530 A.2d 407,
> 409 (Pa. 1987) ("at some point, claims should be laid to
> rest so that security and stability can be restored to
> human affairs").

<u>Mukarker</u>, at pp. 8-9.

Plaintiff next identifies the fact that she received the

bulk of her medical treatment in Massachusetts during the seven

months after the accident.  (Docket Entry # 19-1).  Like the

fact that plaintiff travelled to the resort in a Massachusetts

registered vehicle, the fact that she received the bulk of her

medical treatment in Massachusetts carries little to no weight

because it "has no apparent bearing on . . . the limitations

issue." <u>Nierman</u>, 808 N.E.2d at 293.  In <u>Nierman</u>, the SJC did

not even mention facts related to the place where plaintiff

received medical treatment.  <u>See id.</u>  Plaintiff's Massachusetts

medical insurance policy and treatment are not significant and,

in fact, carry little to no weight in the limitations calculus.

Having identified the interests of the forum state, none of which alone or together are substantial, this court examines the more significant relationship to the parties and to the occurrence under section 142(2)(b).  It is worth noting that, "'the forum should not entertain a claim when doing so would not advance any local interest and would frustrate the policy of a state with a closer connection with the case and whose statute of limitations would bar the case.'"  Id. at 292 (quoting Gourdeau, 647 N.E.2d at 44).  In other words, a "claim generally should not be maintained when some forum interest would be served, but at the expense of the State with closer connection with the case."  Id. at 293 (citing Restatement § 142 cmt. g). The SJC therefore found that Massachusetts did not have "any substantial interest that would be advanced by entertaining the Niermans' claims."  Id.

With respect to the parties, this case is, again, strikingly similar to Nierman.  In Nierman, the plaintiff was a Massachusetts resident.  Id. at 291.  Hyatt's principal place of business was neither Texas nor Massachusetts, nor was Hyatt incorporated in either Texas or Massachusetts.  Id.  Hyatt did, however, operate a hotel in Texas where the injury occurred. Id.  In comparison, defendant is not a Pennsylvania or Massachusetts corporation, nor does defendant have a principal place of business in either Pennsylvania or Massachusetts.

(Docket Entry # 17-4).  Defendant, however, operates a resort in Pennsylvania where the injury occurred and the claim arose. (Docket Entry # 17-4).  Pennsylvania therefore has a more significant relationship to the parties than Massachusetts.

Examining whether Pennsylvania has a more significant relationship to the occurrence of the injury also supports the application of Pennsylvania's statute of limitations.  In Nierman, a tort case, the SJC found that Texas had a more significant relationship to the occurrence because the injury took place in Texas.  Nierman, 808 N.E.2d at 293.  In Khan, a breach of contract case cited in Nierman, the SJC found that Florida had a more significant relationship to the occurrence because the insurance policy was issued "in Florida by a Florida producer to a Florida motor vehicle owner, covering a vehicle bearing Florida plates and operated by a vice-president of the Florida insured."  Khan, 709 N.E.2d at 824-25.

In the case at bar, plaintiff booked the boat trip which led to the injury in Pennsylvania.  (Docket Entry # 17-3).  The injury took place in Pennsylvania.  (Docket Entry # 17-3).  As previously noted, the fact that plaintiff, a Massachusetts resident, made the reservation for the resort while located in Massachusetts has no bearing on the analysis.  See Nierman, 808 N.E.2d at 293.  On balance, Pennsylvania has a more significant relationship to the occurrence of the injury than Massachusetts.

Returning to the Restatement section six, the principles contained therein dictate that this court apply Pennsylvania's statute of limitations.  Through the discussion of section 142 of the Restatement above, this court has addressed the principles regarding the relevant policies of the forum (Massachusetts) and of other relevant states (Pennsylvania).  This court therefore turns to the remaining relevant and applicable principles in section six.

First, applying Pennsylvania's statute of limitations fits both parties' justified expectations and therefore creates more certainty and predictability.  "Generally speaking, it would be unfair and improper to hold a person liable under the local law of one state when he had justifiably molded his conduct to conform to the requirements of another state."  Restatement, § 6 cmt. g.

Defendant molded its behavior under Pennsylvania law, evincing a justified expectation that Pennsylvania law would apply.  Defendant's resort is located in Pennsylvania where it is reasonable to expect that injuries may occur on property.  Plaintiff nevertheless asserts that she expected "being able to bring suit in Massachusetts" because she and her husband, purportedly the only witness to the incident, reside in Massachusetts and she received medical treatment in Massachusetts.  (Docket Entry # 17-3).  Defendant, however, is

18

entitled to justifiably mold its conduct with respect to the operation of the resort to conform to the requirements of Pennsylvania law and to expect protection under it.  See Restatement, § 6 cmt. g.  Overall, this factor weighs in favor of applying Pennsylvania law.

Second, with respect to the needs of the interstate and international systems, courts "should seek to further harmonious relations between states and to facilitate commercial intercourse between them" and "have regard for the needs and policies of other states."  Restatement § 6 cmt. d.  That said, plaintiff acknowledges (Docket Entry # 19, p. 3) and this court agrees that this factor does not impact the analysis.  As such, it does not affect this court's decision to apply Pennsylvania's statute of limitations.

Third, the principle of ease of application does not change this court's conclusion.  This principle "should not be overemphasized, since it is obviously of greater importance that choice-of-law rules lead to desirable results."  Restatement, § 6 cmt. j.  The policy goals of the particular field of law, see generally Restatement, § cmt. h., favors the application of Pennsylvania's statute of limitations for reasons discussed and quoted above in Mukarker, at pp. 8-9.  In short, the factors in section six thus confirm the application of Pennsylvania's statute of limitations.

As a final matter, in the opposition to the summary judgment motion, plaintiff requests an opportunity to conduct discovery regarding HPIC pursuant to Fed.R.Civ.P. 56(d) ("Rule 56(d)"). The one-paragraph request is not supported by an affidavit or declaration. (Docket Entry # 19, p. 10). Although plaintiff's counsel elaborated the basis for the request at oral argument, she still fails to submit an affidavit or declaration.

A court may deny Rule 56(d) discovery "'if it concludes that the party opposing summary judgment is unlikely to garner useful evidence from supplemental discovery.'" Troiano v. Aetna Life Ins. Co., 844 F.3d 35, 45 (1st Cir. 2016) (quoting Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014)). Indeed, in this circuit there is a "'strong presumption'" against allowing additional discovery. Id. (quoting Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003)). Entitlement to additional discovery requires the requesting party to exercise "'due diligence.'" See Alicea v. Machete Music, 744 F.3d 773, 788 (1st Cir. 2014) (quoting Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007)). As explained in Alicia, a nonmovant must establish the following three prongs to warrant Rule 56(d) relief:

> "(i) good cause for his [or her] inability to have discovered or marshalled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those

20

facts, if collected, will suffice to defeat the pending summary judgment motion."

Id. (quoting Rivera-Torres v. Rey-Hernandez, 502 F.3d at 10).

Rule 56(d) also requires the nonmovant to show the need for discovery "by affidavit or declaration," the same language used in Rule 56(c).  Under Rule 56(c), "[a] formal affidavit is no longer required" and "28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit."  Fed.R.Civ.P.56(c), Advisory Committee Notes, 2010 Amendment; see Powerex Corp. v. Reliant Energy Services, Inc., 551 U.S. 224, 232 (2007) ("identical words and phrases within the same statute should normally be given the same meaning").  A memorandum in opposition that does not set out the showing by affidavit or a less formal declaration under the penalty of perjury is therefore neither an affidavit nor a declaration within the meaning of Rule 56(d).  See Selfridge v. Jama, 172 F.Supp.3d 397, 409 (D.Mass. 2016) (dicta noting that "memorandum in opposition to the defendants' motion fails to serve as an affidavit required under Rule 56(d) to carry this burden").

The Rule 56(d) request lacks merit for three reasons.  First, plaintiff's unsworn memorandum in opposition does not include a penalty of perjury statement and therefore is not an

"affidavit" or "declaration" within the meaning of Rule 56(d).
Second, plaintiff fails to make a proper showing under the first
prong.  More specifically, she does not adequately explain why
she could not have elicited the requested information before the
close of fact discovery on December 1, 2016.  Instead, she
states that she only had two weeks to respond to the motion.
Like the plaintiff in Brown v. Massachusetts, 950 F.Supp.2d 274
(D.Mass. 2013), plaintiff "not only . . . fail[s] to support
[her] argument with an affidavit or declaration as required by
Rule 56(d), but [she] also had the opportunity to explore" the
HPIC issue[s] "through other means of discovery."  Id. at 285.

Third, her reliance on Elliston and O'Sullivan is
misplaced, as explained above, and she does not provide any
other *convincing* explanation as to how the facts relative to
HPIC will defeat the application of Pennsylvania's two-year
statute of limitations.  A sufficient showing under the third
prong is therefore absent.  Exercising this court's discretion,
the requested delay to conduct discovery is not warranted.

In sum, Pennsylvania's two-year statute of limitations
applies.  See 42 Pa. Cons. Stat. § 5524.  The injury occurred on
September 2, 2012.  (Docket Entry ## 17-1 & 17-3).  Plaintiff
filed suit in Massachusetts Superior Court on June 30, 2015 more
than two years after the injury.  (Docket Entry ## 17-1 & 17-2).
The action is therefore time barred.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion for summary judgment (Docket Entry # 16) is **ALLOWED**.


/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge